GRAND GULF AND PORT GIBSON RAILROAD CO. *v.* C. E. BUCK, TAX-COLLECTOR.

TAXATION. *Exemption. Charter.*

> Where, by the terms of its charter, the capital stock of a railroad company, and all other property belonging to or connected with the road, are exempted from taxation until eight years after the road shall be put in operation, the legislature cannot, before the expiration of the period, levy a privilege tax upon the corporation.

ERROR to the Circuit Court of Claiborne County.

Hon. URIAH MILLSAPS, Judge.

This was an action of replevin by the railroad company against C. E. Buck, sheriff and tax-collector, to recover a locomotive engine levied on for a privilege tax alleged to be due from the company to the State, under the act of 25th February, 1875 (Acts 1875, p. 67), which the company refused to pay, claiming exemption under its amended charter (Acts 1866, p. 137). It was tried by the judge, in lieu of a jury, on an agreed state of facts.

From a judgment for the defendant the company prosecutes this writ of error.

*J. D. Vertner,* for the plaintiff in error, cited Cooley on Constitutional Limitations, § 496.

*G. E. Harris,* Attorney-General, for the State, cited *Wool-*

*man* v. *State,* 2 Swan, 353; *State* v. *Stevens,* 4 Texas, 137; *State* v. *Bock,* 9 Texas, 369; 42 Penn. St. 424; 37 N. Y. 364.

*Frank Johnston,* in reply, cited *Wilmington Railroad* v. *Reid,* 13 Wall. 264; *M. & O. Railroad* v. *Mosely,* 52 Miss. 127.

CHALMERS, J., delivered the opinion of the court.

By the terms of the charter of the plaintiff in error it is declared " that the capital stock of said company, and all other property belonging to or connected with said railroad shall be exempt from all taxation until eight years after said road shall be put in operation."

The only question presented is, whether the legislature is thereby prohibited before the expiration of the period from levying a tax, designated as a privilege tax, upon the corporation.

We think that the question must manifestly be answered in the affirmative, both upon reason and authority. *Wilmington Railroad* v. *Reid,* 13 Wall. 264; *M. & O. Railroad* v. *Mosely,* 52 Miss. 127.

> *Judgment reversed and cause remanded, with direction to enter judgment for the plaintiff below.*